WO                                                                                                                         KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Paul Reeder, | No. CV 22-00395-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Doug Ducey, et al., | |
| Defendants. | |

Plaintiff Dustin Paul Reeder, who is confined in the Arizona State Prison Complex-Winslow, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will dismiss this action.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $14.64. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

## III.   Complaint

Plaintiff names Arizona Governor Doug Ducey, Director of the Administrative Office of the Arizona Courts David K. Byers, and Attorney General Mark Brnovich as Defendants in his five-count Complaint. Plaintiff seeks dismissal of all criminal cases filed against him since 2009, and to have his criminal record expunged.

Plaintiff alleges the same facts in each claim for relief. Plaintiff contends all Arizona judges receive a pension "that is invested in private prisons through the Public Safety Personnel Retirement System (PSPRS)," which invests in one or mutual funds that holds investments in private prisons. According to Plaintiff, this means "a bias exists in a judge[']s decision to convict and in the length of prison sentences offered and enforced." Plaintiff claims he was denied due process because judges and prosecutors "have a direct, personal, and pecuniary interest in the Plaintiff's conviction and length of sentence." Plaintiff contends this interest was never disclosed to Plaintiff or his attorney and "the State of Arizona goes to extreme length[s] to obscure the fact that there is a financial interest to all judges in the Arizona State Court System." Plaintiff contends this violates his Fourteenth Amendment due process rights (Count One), Fifth Amendment due process rights (Count Two), Eighth Amendment rights (Count Three), Thirteenth Amendment rights (Count Four), and article I, section 10 of the United States Constitution (Count Five).

## IV.   Failure to State a Claim

As an initial matter, Plaintiff not confined in private prison, nor does he allege any facts showing superior court judges or prosecutors have any role in determining whether a convicted person is confined in a private or public prison. Further, to the extent Plaintiff seeks the invalidation of his sentences, or any relief which would result in immediate or

speedier release, his exclusive remedy is a petition for habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). The Court will dismiss the Complaint and this action for failure to state a claim.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $14.64.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 7th day of April, 2022.

James A. Teilborg
Senior United States District Judge